## SAVAGE v. THIRD AVE. R. CO.

(Supreme Court, Appellate Division, First Department.   May 20, 1898.)

STREET RAILROADS—INJURY TO PASSENGER—INSTRUCTIONS.

At the trial of an action to recover damages for personal injuries resulting in the death of the plaintiff's intestate, and occasioned by the sudden starting of a car while he was attempting to board it, and in which the controlling issue was whether in fact the car had previously come to a standstill, so as to constitute an invitation to him to board it, the judge's charge failed to call this question to the attention of the jury; and the defendant's counsel requested the court to say to the jury that, if they believed that the car did not come to a complete stop, their verdict should be for the defendant. *Held*, while the request was somewhat indefinite as to time and place, it was sufficient to inform the court as to the point, and that the judge's refusal to charge substantially as requested was error.

Patterson, J., dissenting.

Appeal from trial term, New York county.

Action by George W. Savage, administrator, against the Third Avenue Railroad Company.   From a judgment entered on a verdict, and from an order denying a new trial, defendant appeals.   Reversed.

Argued before PATTERSON, RUMSEY, O'BRIEN, and INGRAHAM, JJ.

Nathan Ottinger, for appellant.
Frank Herwig, for respondent.

RUMSEY, J.   The action was brought to recover damages for the killing of the plaintiff's intestate, John Y. Savage.   Upon the trial the plaintiff had a verdict, and a motion of the defendant for a new trial was denied, and from the judgment and order entered thereafter this appeal is taken.

The accident by reason of which the intestate suffered the injuries resulting in his death occurred at a point where Rivington street enters the Bowery from the east.   This street does not cross the Bowery, but stops on the east side.   A walk extends across the Bowery in the prolongation of each of the sidewalks of Rivington street.   The claim of the plaintiff is that his intestate, standing upon the south crosswalk of Rivington street, attempted to enter a car of the defendant proceeding along the Bowery; that he had warned the gripman of his wish to board the car, and the gripman had brought the car to a stop at or near the crosswalk; that as the car stood still the plaintiff's intestate attempted to board it, and just as he had his hand upon the railing, and was putting one foot upon the step, the car suddenly started, so that he was thrown to the ground, and received the injuries which caused his death.   The facts by reason of which the plaintiff claims to recover were testified to by one witness only.   Several witnesses, apparently disinterested, who were upon the car, had observed the transaction, and gave their

version of it, which contradicted seriously that of the plaintiff's witness.  It is claimed by the defendant, as a ground for reversing this judgment, that the preponderance of evidence is largely in favor of the defendant's version of the transaction, and for that reason there should be a new trial.  But it is unnecessary to pass upon that claim, because, in our judgment, there was so serious an error committed by the learned trial judge that a reversal of this judgment is necessary.

It will be noticed from the statement of facts made above that the fact which lies at the foundation of the plaintiff's claim that the defendant was guilty of negligence is that the car was stopped to enable the plaintiff's intestate to get upon it.  If that did not take place so that the defendant tacitly invited the intestate to board the car, there could be no negligence imputed to the defendant because the car continued in motion after the plaintiff's intestate attempted to get upon it.  When one seeks to become a passenger upon a railway car, he has the right to insist that the car shall come to a stop, to enable him to do so; but, if the car does not come to a stop, the railway company is not at fault if he attempts to board the car while it is in motion, unless it shall appear that, having diminished its speed so much as to constitute a tacit invitation to him to become a passenger, the speed is accelerated suddenly, without notice, while he is in the act of getting upon the car in pursuance of the tacit invitation.  No such state of facts as that is alleged here.  The plaintiff's claim is that the car had come to a stop, and the negligence asserted is that the car was started in the ordinary way after it had come to a stop, before the plaintiff's intestate, who was an old man, was able to get upon it.  If, therefore, the plaintiff did not establish that the car had been brought to a stop, the jury could not infer a tacit invitation given by the defendant to the plaintiff's intestate to board it; and therefore they could not infer a negligent act in starting the car while he was attempting to accept the invitation.  The fact of a stoppage of the car, thus, was essential to the plaintiff's case.  The learned trial justice, in his charge, gave to the jury no specific instruction as to the precise nature of the negligence which was charged against the defendant; nor was there anything in the charge itself from which the jury could infer that the question whether the car was brought to a stop was material to be considered by them.  When the charge was finished, therefore, this fact not having been called to their attention, there was nothing to inform them that it was material for them to consider.  By way of supplying that defect in the charge, the defendant's counsel requested the court to say to the jury that, if they believed that the car did not come to a complete stop, their verdict should be for the defendant. This request itself was not very definite as to the time and place when the stop should have been made.  It was conceded that after the accident had happened the car was brought to a complete stop, but it is quite clear that this stop could not have been the one referred to by the defendant's counsel; and it is fairly to be inferred from that request, and from the subsequent request, which was also refused, that the defendant's counsel was attempting to attract

the attention of the court to the operation of the car just before the plaintiff's intestate attempted to get upon it. The defendant was entitled to have that question submitted to the jury, and to have the absence or the presence of the fact of the stoppage of the car plainly suggested to the jury in the charge. We think the request that was made was sufficiently accurate in form to inform the court as to the point which was sought to be presented, which was, as we have seen, a material point in the case, and one to which the attention of the jury should have been particularly attracted. The failure to do this upon the request of the defendant's counsel operated to the harm of the defendant, and the judge erred in refusing to charge the jury substantially as requested. For this error, without considering the serious question presented as to preponderance of evidence against this verdict, we are of the opinion that the judgment and order appealed from must be reversed, and a new trial ordered, with costs to the appellant to abide the event of the action. All concur, except PATTERSON, J., dissenting.